979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nolan Edward KLEIN, Plaintiff-Appellant,
v.
John IGNACIO, et al., Defendant-Appellee.
 No. 92-15235.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 12, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nolan E. Klein appeals pro se the district court's summary judgment in favor of defendant prison officials in his civil rights action alleging that he was denied due process when he was permitted visitation with his family members only under restrictive conditions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 On February 1, 1991, Klein was transferred from Ely State Prison, a maximum custody facility, to Nevada State Prison ("NSP"), a medium custody facility, so that he could appear in court for trial. Klein was housed in Unit 7, the administrative segregation unit at NSP, and was given notice and a hearing regarding his custody classification. As an inmate in Unit 7, Klein was allowed to have visitation only in the Unit 7 visiting room behind glass while wearing leg and waist restraints. On February 7, 1991, Klein refused visitation with some of his relatives, including two children, because he did not want them to come to Unit 7 or see him in full restraints. After this incident, Klein wrote to the warden asking that he be allowed to have contact visits with his relatives in the main visiting room. The warden replied that in the future Klein would be allowed to visit in the main visiting room. On February 9, 1991, Klein was moved to Unit 8 administrative segregation. Unit 8 inmates are generally allowed to have contact visits in the main visiting room. Nevertheless, when Klein's relatives returned to visit him on February 11, 1991, the visit took place in the Unit 7 visiting room, with Klein behind glass wearing full restraints.
 
 
 5
 Klein alleged that this constituted a violation of his right to due process. Klein alleged that the Nevada prison regulations governing visitation create a liberty interest in visitation rights. Klein alleged that he was deprived of his visitation rights without due process and that this constituted punishment without due process. Klein also alleged that his right to equal protection was violated because he was treated differently than other prisoners in administrative segregation.
 
 
 6
 A liberty interest protected by the fourteenth amendment may arise either from the due process clause itself or from the laws of the states. Hewitt v. Helms, 459 U.S. 460, 466 (1983). "[A] state creates a protected liberty interest by placing substantive limits on official discretion." Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904, 1909 (1989) (quoting Olim v. Wakinekona, 461 U.S. 238, 249 (1983)). A liberty interest will be found where the state has established substantive predicates to govern official decision-making and mandated the outcome to be reached upon a finding that the relevant criteria have been met. Thompson, 109 S.Ct. at 1909; Mendoza v. Blodgett, 960 F.2d 1425, 1431-33 (9th Cir.), petition for cert. filed, 61 U.S.L.W. 3303 (U.S. Aug. 28, 1992) (No. 92-579).
 
 
 7
 Nevada Department of Prisons Administrative Regulation 719 section III(F) provides:
 
 
 8
 All institutions/facilities shall provide visiting areas for inmates and their guests which allow reasonable ease and informality of communication in a natural environment as free from security constraint as is safely possible.
 
 
 9
 Section III(E) provides that "[a]dditional restrictions may also be imposed on inmates undergoing disciplinary detention, new commitments and inmates who are medically isolated."
 
 Section V(F)(5) provides:
 
 10
 Denial of an initial application to visit, and any subsequent restriction, suspension, or termination of previously approved visits, shall be documented for inclusion in the inmate's institutional file and a copy sent to the applicant/visitor as soon as practicable. Such documentation shall include the name of the official taking or ordering the action, shall clearly explain the reason for the action, and the length of time the action will apply, the circumstances under which the action will be reconsidered, and instructions for appealing the action taken.
 
 
 11
 Administrative Regulation 507, section IV(E)(2), which governs administrative segregation, provides:
 
 
 12
 Rights, privileges, or amenities pertaining to correspondence, visiting, and telephone usage may be reduced or withdrawn as a sanction for violating written institution or segregation unit disciplinary rules when violation is directly related to the item restricted, i.e., refusal to terminate a visit at the end of a visiting period may warrant the loss of visiting privileges for a limited period of time.
 
 
 13
 a. Restrictions imposed as a result of a violation of a written institution or unit disciplinary rule shall be imposed only as a result of a disciplinary hearing conducted in compliance with the general Departmental disciplinary procedure.
 
 
 14
 Section IV(F)(5) provides that "[a]dministrative segregation inmates shall be allowed contact visits, unless security dictates otherwise."
 
 
 15
 Klein contends that the above regulations, read together, create a liberty interest in visiting rights and privileges, and that he was denied due process when he was denied contact visits in the main visiting room without a hearing. Nevertheless, the regulations contain no explicit language directing prison officials regarding where visitation is to take place, and whether restraints are to be used. See Thompson, 109 S.Ct. at 1909-10. Further, the regulations grant prison officials discretion regarding safety and security interests when allowing visitation. AR 719 III(E), (F); AR 507 IV(F)(5). Although the regulations do provide particularized standards regarding denial of visitation privileges as a disciplinary sanction, that is not the case here. Klein's visitation was subject to restriction because of his custody classification, and Klein received notice and a hearing regarding his classification upon his arrival at NSP. See Wolff v. McDonnell, 418 U.S. 539, 567-70 (1974). Because Klein's visitation was not limited as a disciplinary sanction, the regulations regarding notice of sanctions were not applicable. Further, although it appears that it was due to error on the part of prison officials that Klein's visitation with his family on February 11, 1991 was subjected to restrictive conditions, this does not rise to the level of a deprivation of a liberty interest without due process. See Daniels v. Williams, 474 U.S. 327, 330 (1986) (mere negligence does not constitute a deprivation of due process). Accordingly, we affirm the district court's summary judgment on this claim.
 
 
 16
 The district court also found that Klein's claim that he was subjected to punishment without due process was conclusory. There is no evidence in the record to indicate that defendants' actions were punitive. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). Thus, we affirm the district court's grant of summary judgment on this claim.
 
 
 17
 Finally, Klein contends the district court erred by failing to address his equal protection claim. Klein did not assert this claim in his complaint, but raised it for the first time in his opposition to summary judgment. Generally, an issue raised so late in the proceedings is deemed waived. Ackerman v. Western Elec. Co., 860 F.2d 1514, 1517 (9th Cir.1988). Accordingly, the district court did not err by failing to rule on this claim.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find that Klein was not deprived of any constitutional rights regarding his visitation conditions, we do not address the district court's ruling that defendants were entitled to qualified immunity